29 P.3d 949

STATE of Idaho, Plaintiff–Appellant,

v.

Edward YOUNG, Defendant–Respondent.

No. 25975.

Supreme Court of Idaho.
Idaho Falls, May 2001 Term.

July 26, 2001.

See also 133 Idaho 177, 983 P.2d 831.

Alan G. Lance, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Kent V. Reynolds, Pocatello, for respondent.

EISMANN, Justice

The State appeals from an order dismissing this action because the defendant Edward Young (Young) was not brought to trial timely. It also appeals from an order entered prior to the dismissal granting the defendant's motions in limine. We reverse the order dismissing this action, and we reverse in part the order granting the motions in limine.

## I.

## FACTS AND PROCEDURAL HISTORY

On June 4, 1997, the State charged Young with committing the felony offense of lewd conduct with his 11 year old adopted daughter. Although Young, his wife and daughter

lived in Wyoming, this offense allegedly occurred in 1995 while Young and his daughter were camping on real property owned by Young in Bear Lake County, Idaho.

Young was arrested in Wyoming on June 4, 1997, and he was transported to the Bear Lake County jail on June 13, 1997. At his initial appearance before a magistrate judge on June 16, 1997, the preliminary hearing was set for June 25, 1997. On that date, the preliminary hearing was continued at Young's request to July 15, 1997, his bond was reduced, and he was released from custody after posting bond.

At the conclusion of the preliminary hearing, the magistrate judge found that there was probable cause to believe that Young committed the offense charged, and Young was held to answer in the district court. The State filed an information in the district court on July 16, 1997, and on August 7, 1997, Young was arraigned in district court where he entered a plea of "not guilty" to the offense charged. Young's jury trial was scheduled to commence on October 27, 1997.

In September Young filed three motions in limine, which were heard on October 1 and 9, 1997. On October 20, 1997, Young's counsel died. At Young's request, the jury trial was vacated. Young later filed two signed statements in which he waived his right to a speedy trial to the extent of any delay caused by his request to vacate and reset the trial due to the death of his counsel. The jury trial was reset to commence on January 15, 1998.

On November 21, 1997, the district court issued its order granting Young's motions in limine, and on December 8, 1997, the State filed a notice of appeal from that order. Because a final judgment had not yet been entered, the State could not appeal as a matter of right from the order granting the motions in limine. The State asked this Court to exercise its plenary power under article V, section 9, of the Idaho constitution.[1] This Court declined to invoke its plenary power to review the order granting the motions in limine, and on July 28, 1999, it

dismissed the appeal. *State v. Young,* 133 Idaho 177, 983 P.2d 831 (1999).

On January 8, 1998, with the consent of the parties, the district court vacated the jury trial scheduled to commence on January 15, 1998. After this Court dismissed the appeal, the district court reset the jury trial to commence on October 25, 1999. On September 15, 1999, Young filed a motion to dismiss this case on the grounds that his statutory and constitutional rights to a speedy trial had been violated. That motion was heard on September 23, 1999, and at the conclusion of the hearing the district court orally granted the motion to dismiss. On the next day the district court entered a written order dismissing the case. The State then prosecuted this appeal.

**II.**

**A. DID THE DISTRICT COURT ERR IN DISMISSING THIS CASE ON THE GROUND THAT THE DEFENDANT WAS DEPRIVED OF HIS RIGHT TO A SPEEDY TRIAL?**

Young moved to dismiss this case on the grounds that he was deprived of his statutory and constitutional rights to a speedy trial. The statutory basis for Young's motion was Idaho Code § 19–3501(2), which provides:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> . . . .
>
> 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the indictment or information is filed with the court.

The district court's comments at the hearing on the motion to dismiss indicate that the court based its dismissal upon this statute. ▮ When a felony defendant is not brought to trial within six months after the information was filed, the district court must dismiss the case unless the State shows good

1. On July 1, 1998, Idaho Appellate Rule 12(a) was amended to permit the state to seek a permissive appeal from an interlocutory order in a criminal case. The rule previously only permitted a defendant in a criminal case to seek a permissive appeal.

cause for the delay. *State v. Clark*, 135 Idaho 255, 16 P.3d 931 (2000); I.C. § 19–3501(2). Good cause means that there was a substantial reason for the delay that rises to the level of a legal excuse. *State v. Clark*, 135 Idaho 255, 16 P.3d 931 (2000). Because there is no fixed rule for determining what constitutes good cause, the matter is initially left to the discretion of the district court. *Id.* On appeal, we will independently review the district court's exercise of that discretion. *Id.*

When addressing the issue of good cause for the delay, the district court stated, "[W]hat the court needs to apply is a balancing test in this case that deals with the length of the delay and to what party it's charged with." After stating that the delay caused by the appeal was chargeable to the State, the district court concluded, "[W]hen it's gone on for virtually two years, over two years, the court feels that there hasn't been a speedy prosecution or trial in this case and therefore the motion to dismiss is granted."

■ The analysis of whether there was good cause is not simply a determination of who was responsible for the delay and how long the case has been pending. Rather, the analysis should focus upon the reason for the delay. Is there "a substantial reason that rises to the level of a legal excuse for the delay"? *State v. Clark*, 135 Idaho 255, 260, 16 P.3d 931, 936 (2000). In this case, the trial was delayed beyond the six-month period because the State attempted an interlocutory appeal from the district court's order granting Young's motions in limine. An interlocutory appeal by the State from an order excluding evidence ordinarily is a valid reason that justifies delay. If the evidence was erroneously excluded and, as a result, the defendant was acquitted, a later appeal could not correct that error. The defendant

could not be retried. For that reason, Idaho Appellate Rule 11(c)(7) grants the State the right to an interlocutory appeal from an order granting a motion to suppress evidence. Although Rule 11(c)(7) is limited to orders granting motions to suppress evidence, it reflects the important public interest in appellate review of orders excluding evidence.

■ In this case, as in most cases involving allegations of child sexual abuse, the only witnesses to what did or did not occur are the defendant and the alleged victim. The crime is alleged to have occurred when Young and his daughter were alone in his camper. As this Court has recognized, evidence corroborating the victim's testimony is especially relevant in this type of case because the determination of the case rests upon the jury's assessment of the credibility of the defendant and the alleged victim. *State v. Cross*, 132 Idaho 667, 978 P.2d 227 (1999). The State contends that the evidence excluded by the district court when it granted Young's motion in limine would have corroborated the alleged victim's testimony. The issue that the State sought to appeal was not tangential to the case. Likewise, there is nothing to indicate that the State filed the appeal in bad faith or simply to cause delay. That this Court declined to invoke its plenary power to hear the appeal does not mean that it was unreasonable for the State to seek appellate review of the order granting Young's motions in limine by the only avenue then available. As is shown below, the issues the State desired to raise in the appeal were not frivolous.

We hold, on the facts in this case, that there was good cause for the delay in this case. The district court abused its discretion in dismissing this case under Idaho Code § 19–3501.[2]

---

2. Because we hold that there was good cause for the delay, we do not address the State's argument that the six-month period specified by Idaho Code § 19–3501 does not apply because the trial had been postponed at Young's request. In *State v. Lundquist*, 134 Idaho 831, 833, 11 P.3d 27, 29 (2000), we stated, "Once the trial has been postponed, the six-month statutory period no longer applies." In *Lundquist*, however, the defendant's requested postponement caused the trial to be rescheduled beyond the six-month period. He contended that a later postponement at the state's request violated the statute. In the instant case, the trial was postponed at Young's request, but it was rescheduled within the six-month period. We do not decide whether the protection granted by Idaho Code § 19–3501 is waived any time the trial is postponed at the defendant's request or only when such postponement causes the trial to be rescheduled beyond the six-month period.

 Young also argued that the delay in this case violated his rights to a speedy trial under the state and federal constitutions. The Sixth Amendment to the Constitution of the United States guarantees to criminal defendants the right to a speedy trial. This right is applicable to the states through the Fourteenth Amendment. In addition, Article 1, § 13, of the Constitution of the State of Idaho also guarantees the accused in a criminal case the right to a speedy trial. In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court adopted a four-part balancing test to determine whether a defendant's right to a speedy trial under the Sixth Amendment has been infringed. We have adopted that same test in determining whether the right to a speedy trial under our state constitution has been violated. *State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975). The four factors to be balanced are (1) the length of the delay, (2) the reason for the delay, (3) the assertion of accused's right to a speedy trial, and (4) the prejudice to the accused.

 The first factor, the length of the delay, is a triggering mechanism. *Barker v. Wingo*, 407 U.S. 514 (1972). Until there is some delay which is presumptively prejudicial, it is unnecessary to inquire into the other three factors. *Id.* Under the Sixth Amendment, the period of delay is measured from the date there is "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971). Under the Idaho Constitution, the period of delay is measured from the date formal charges are filed or the defendant is arrested, whichever occurs first. *State v. Stuart*, 110 Idaho 163, 715 P.2d 833 (1986). In this case, formal charges were filed and Young was arrested on June 4, 1997. The delay was over two years and

three months. That period is long enough to be presumptively prejudicial and therefore trigger an inquiry into whether it violated Young's constitutional rights. *State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975) (delay of fourteen months was long enough to be presumptively prejudicial).

The second factor is the reason for the delay. In this case, the delay was caused by the State attempting to obtain appellate review of an interlocutory order granting Young's motion in limine. When doing so, the State was not acting in bad faith, nor was it motivated by a dilatory purpose. The State's conduct in seeking appellate review was reasonable. Although the charge against Young was serious, he was released on bond while the appeal was pending, and the case was promptly reset for trial upon the conclusion of the appeal. Under these circumstances, the delay from the appeal will not weigh in favor of Young's speedy trial claims. *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986).

The third factor is the accused's assertion of his right to a speedy trial. On January 8, 1998, the district court held a pre-trial conference in chambers. The prosecutor was present in person, and Young's counsel participated by telephone and stated that Young waived his right to be present. The Minute Entry and Order entered at the conclusion of the pre-trial states, "Both counsel advised the Court that since the Amended Notice of Appeal had been filed, they felt the Jury Trial in this matter should be vacated pending the decision of the Supreme Court." Thus, the jury trial was vacated with at least the consent of Young.[3] There is no evidence in the record showing that Young asserted his right to a speedy trial during the period of delay caused by the pending appeal. He did not assert his right to a speedy trial until he moved to dismiss the case on September 15, 1999.

---

**3.** Because the State did not have a right to appeal from the district court's order granting Young's motions in limine and this Court did not exercise its plenary power to hear the appeal, the appeal did not divest the district court of jurisdiction over the case. *Marks v. Vehlow*, 105 Idaho 560, 671 P.2d 473 (1983). We did not

address the issue of whether Young's concurrence in vacating the trial constituted a postponement of the trial upon the application of the defendant under Idaho Code § 19–3501(2) because that issue was not raised by the State either to the district court or on appeal.

■ The fourth factor is prejudice to the accused caused by the delay. Prejudice is to be assessed in light of the interests of defendants which the right to a speedy trial is designed to protect. Those interests are (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Cotant*, 123 Idaho 787, 852 P.2d 1384 (1993).

■ Young does not contend that he was prejudiced by oppressive pretrial incarceration. He has been released on bond since July 15, 1997. He also does not contend that the defense of his case has been impaired, other than the general assertion, "Witnesses [sic] memories fade." In his affidavit in support of his motion to dismiss, he alleged, "Since the filing of the charge, I have been forced to leave the Evanston, Wyoming area and relocate to California and now Florida." He does not allege when these relocations occurred, or whether they were in any way related to the delay. He also alleged, "Disclosure of the charge has impaired my employment opportunities [as a licensed certified nurse assistant]." Again, he does not give any specific information as to when this allegedly occurred, whether it was before or after the State appealed. He alleges that this case has been a financial burden, but again he has not alleged any facts showing that the delay itself has caused a financial burden. Finally, he alleges that he has suffered anxiety concerning the outcome of the case. Such prejudice by itself is generally insufficient to support a speedy trial violation. *State v. Cotant*, 123 Idaho 787, 852 P.2d 1384 (1993). Moreover, on August 9, 1999, the State moved to postpone the trial. Although the State withdrew that request during a telephonic status conference held on September 7, 1999, the Minute Entry and Order entered the next day states that Young's counsel "advised the Court that he had no problem with a continuance." That statement certainly undercuts Young's claims of prejudice resulting from the delay.

Considering the four factors, we conclude that Young's speedy trial rights under the federal and state constitutions were not infringed. Therefore, the district court erred in dismissing this case, and the order dismissing the case is reversed.

**B. DID THE DISTRICT COURT ERR IN GRANTING YOUNG'S MOTIONS IN LIMINE?**

On September 16, 29, and 30, 1997, Young filed motions in limine seeking court orders excluding certain evidence. Those motions were heard on October 1 and 9, 1997, and the district court issued its memorandum decision and order granting the motions on November 21, 1997. Because the order dismissing the case was a final judgment, I.A.R. 11(c)(4), this Court may also consider prior interlocutory orders that would otherwise not be appealable. *In re Estate of Keeven*, 110 Idaho 452, 716 P.2d 1224 (1986); I.A.R. 17(e). The State challenges only two categories of evidence excluded by the order granting the motion in limine.

**1. Evidence relating to any psychological evaluations, reports, or therapy.**

In 1996 criminal charges were filed against Young in Wyoming alleging that he engaged in inappropriate sexual contact with his adopted daughter. Those charges were based upon an incident in which Young took his adopted daughter home from school when she developed hives from an allergic reaction. Upon arriving home, he had her take off her pants and underwear, and he then rubbed lotion on her vagina for about twenty minutes. The State of Wyoming and Young entered into an agreement to defer prosecution in that case if Young would do certain things, including apologizing to his adopted daughter "for allowing her to sleep with him and for rubbing her private parts with lotion" and being "evaluated by a mental healthcare professional agreed upon by the Uinta County Attorney's Office." In compliance with that agreement, Young underwent a psychological evaluation. As part of his motions in limine, Young asked the district court to exclude any evidence relating to this evaluation or the resulting report.

■ The district court held that the report was privileged under Idaho Rules of

Evidence 503, 517, and 519, and that the child-related communications exceptions in Rules 503 and 517 did not apply in this case. The interpretation of the rules of evidence is a question of law over which we exercise free review. *State v. Hagerman Water Right Owners, Inc.,* 130 Idaho 736, 947 P.2d 409 (1997).

The district court ruled that Rule 519 of the Idaho Rules of Evidence barred admission of Young's psychological evaluation, report, or therapy. For that rule to apply, the psychological report and the statements made during the evaluation and therapy would have to be communications "made in connection with a proceeding for research, discipline, or medical study conducted by an in-hospital medical staff committee or medical society for the purpose of reducing morbidity, or improving the standards of medical practice or health care in the State of Idaho." I.R.E. 519(a)(4)(A). There is absolutely nothing in the record indicating that any communications made between Young and the psychologist who evaluated him, or between Young and any therapist, would be covered by Rule 519.

 The district court also ruled that the communications were covered by Rules 503 and 517 of the Idaho Rules of Evidence and that the child-related communications exceptions in those rules did not apply. Rule 503 provides for a physician and psychotherapist-patient privilege, and Rule 517 provides for a licensed counselor-client privilege. Rule 517 would not apply because the "licensed counselor" must be licensed "in the State of Idaho pursuant to Title 54, Chapter 34, Idaho Code, or reasonably believed by the client so to be." There is no evidence in the record indicating that the therapist who treated Young in Wyoming was either licensed in Idaho or reasonably believed by Young to be licensed in Idaho. Even if he were, Rule 517 would not exclude relevant evidence in this case.

Rules 503 and 517 both provide an exception for child related communications, which provide as follows:

There is no privilege under this rule in a criminal or civil action or proceeding as to a communication relevant to an issue concerning the physical, mental or emotional condition of or injury to a child, or concerning the welfare of a child including, but not limited to the abuse, abandonment or neglect of a child. (I.R.E.503(d)(4)).

There is no privilege under this rule:

. . . .

In a criminal or civil action or proceeding as to a communication relevant to an issue concerning the physical, mental or emotional condition, of or injury to a child, or concerning the welfare of a child including, but not limited to the abuse, abandonment or neglect of a child. (I.R.E. 517(d)(3)).

The district court ruled that the above exceptions did not apply "to counseling where a patient is earnestly trying to recognize and solve personal problems and a child is not in immediate or pending danger concerning his or her welfare." Neither exception includes any provision limiting its application in cases where the defendant "is earnestly trying to recognize and solve personal problems," nor does either exception require that the child be "in immediate or pending danger concerning his or her welfare." Both exceptions by their terms apply "to a communication relevant to an issue concerning . . . the abuse . . . of a child." If Young made any communication to his psychologist or counselor that is relevant to an issue concerning the allegation of sexual abuse that is the basis of the charge in this case, such communication is not privileged under either Rule 503 or Rule 517 of the Idaho Rules of Evidence. The district court's order to the contrary is reversed.

## 2. Evidence of miscellaneous contacts between Young and his daughter.

 As part of his motions in limine, Young asked the district court to exclude evidence of three contacts Young had with his adopted daughter after he was charged in this case. These contacts occurred at a Wal Mart store, at a Smith's grocery store, and at the Evanston High School in Evanston, Wyoming. At the time, as a condition of his release on bail, Young was prohibited from having contact with his daughter. The district court found that these contacts were not relevant to any issue in the case. Because

the determination of relevance is a question of law, our review of that issue is de novo. *State v. Lamphere,* 130 Idaho 630, 945 P.2d 1 (1997).

On appeal, the State does not argue that these contacts are relevant. It argues that Young did not provide sufficient evidence regarding the contacts for the district court to be able to conclude that they are not relevant.

Although Young mentioned these incidents in his memorandum submitted in support of his motions in limine, neither party argued or mentioned these incidents during the hearing on the motions in limine. The State did not argue that they were relevant, nor did the State present or allege any facts showing that they were relevant. Error may not be based upon a ruling that excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by offer of proof. I.R.E. 103(a)(2). Absent an offer of proof or anything in the record showing that any of these contacts are relevant, the State has not preserved this issue for appeal. *Morris v. Thomson,* 130 Idaho 138, 937 P.2d 1212 (1997).

 As this Court stated in the first appeal in this case, "[M]otions in limine seeking advance rulings on the admissibility of evidence are fraught with problems because they are necessarily based upon an alleged set of facts rather than the actual testimony which the trial court would have before it at trial in order to make its ruling." *State v. Young,* 133 Idaho 177, 179, 983 P.2d 831, 834 (1999). An order granting a motion in limine is not a final order. The trial court can reconsider the issue at any time. If the State believes that any of these incidents are relevant to this case, it can certainly ask the district court to reconsider the issue at a time when it can make a factual presentation showing such relevance.

### III.

### CONCLUSION

We hold that the district court erred in dismissing this case on the ground that Young's statutory and constitutional rights to a speedy trial were infringed. We further hold that the district court erred in ruling that any statements relevant to this case that Young made to his psychologist or counselor were privileged under Rules 503, 517, and 519 of the Idaho Rules of Evidence. Finally, we do not address the issue of whether the trial court erred in granting a motion in limine excluding evidence regarding three contacts that Young had with the alleged victim while this case was pending.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL, CONCUR.