IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37141

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | 2011 Opinion No. 35 |
| Plaintiff-Respondent, | ) | |
| | ) | Filed: June 10, 2011 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| ADAM RICHARD CROCKETT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael R. McLaughlin, District Judge.

Order denying motion to dismiss felony DUI charge, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge

Adam Richard Crockett appeals from the district court's denial of his motion to dismiss a charge of driving under the influence made on grounds that his rights to a speedy trial and due process had been violated.

## I.

## BACKGROUND

On August 1, 2008, Crockett was arrested for driving under the influence.  The State charged the case as a felony on the premise that Crockett had been convicted twice of DUI within the preceding ten years.  *See* Idaho Code §§ 18-8004, 18-8005(5).  At the preliminary hearing, however, it was learned that Crockett had not yet been convicted of the second of the two predicate DUI offenses as that charge was still pending.  Consequently, on August 15, 2008, the State dismissed the felony charge for the August 1, 2008, incident rather than proceeding with a misdemeanor DUI charge.  On January 8, 2009, Crockett pleaded guilty to the second

1

predicate DUI offense, and on January 23, 2009, the State refiled the felony DUI charge for the August 1, 2008, incident, initiating the case that is now before us. Crockett was rearrested on February 3, 2009, and released on his own recognizance the next day. A trial was scheduled for August 3, 2009.

On July 17, 2009, Crockett moved to dismiss this charge, contending that his constitutional rights to a speedy trial and to due process had been violated. The district court denied the motion. Thereafter, Crockett pleaded guilty, reserving the right to appeal the denial of his dismissal motion. This appeal followed.

## II.

## ANALYSIS

### A.    Speedy Trial

Crockett first argues that the delay in filing this case violated his rights to a speedy trial under the state and federal constitutions. The Sixth Amendment to the United States Constitution guarantees to criminal defendants the right to a speedy trial, a guarantee that is made applicable to the states through the Fourteenth Amendment. In addition, Article 1, Section 13, of the Idaho Constitution guarantees the accused in a criminal case the right to a speedy trial. In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court adopted a four-part balancing test to determine whether a defendant's Sixth Amendment speedy trial right has been infringed. The Idaho Supreme Court has adopted that same test for application of the corresponding right under the Idaho Constitution. *State v. Young*, 136 Idaho 113, 117, 29 P.3d 949, 953 (2001); *State v. Lindsay*, 96 Idaho 474, 475-76, 531 P.2d 236, 237-38 (1975). The four factors to be balanced are:  (1) the length of the delay, (2) the reason for the delay, (3) the assertion of accused's right to a speedy trial, and (4) the prejudice to the accused occasioned by the delay. *Barker*, 407 U.S. at 530; *State v. Davis*, 141 Idaho 828, 836, 118 P.3d 160, 168 (Ct. App. 2005).

The length of delay serves a dual role in the analysis of the right to a speedy trial. First, it is a triggering mechanism, for until there is some delay that is presumptively prejudicial, it is unnecessary to inquire into the other three factors. *Barker*, 407 U.S. at 530; *Young*, 136 Idaho at 117, 29 P.3d at 953. Second, it is one of the factors to be considered once the balancing process is triggered. *Id.* Under the Sixth Amendment, the period of delay is measured from the date there is "a formal indictment or information or else the actual restraints imposed by arrest and

holding to answer a criminal charge." *United States v. Marion*, 404 U.S. 307, 320 (1971). Similarly, under the Idaho Constitution the period of delay is measured from the date formal charges are filed or the defendant is arrested, whichever occurs first. *Young*, 136 Idaho at 117, 29 P.3d at 953.

Crockett's assertion of a speedy trial violation is based largely on delay that occurred before he was arrested or charged in the current case; *i.e.*, the period between his initial arrest in August 2008 and the filing of the present charge on January 23, 2009. This pre-charge period is not relevant, however, to speedy trial analysis because the constitutional right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution. *Doggett v. United States*, 505 U.S. 647, 655 (1992); *Davis*, 141 Idaho at 836, 118 P.3d at 168. That is, the speedy trial guarantee of the Sixth Amendment does not apply to the period before a defendant is arrested, indicted, or otherwise officially accused. *United States v. MacDonald*, 456 U.S. 1, 6 (1982); *Marion*, 404 U.S. at 313. In *MacDonald*, the United States Supreme Court considered a circumstance like this one where a charge had been filed, dismissed, and refiled and the defendant was not incarcerated in the interim. The Court said:

> Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation. Certainly, the knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life. This is true whether or not charges have been filed and then dismissed.

*MacDonald*, 456 U.S. at 8-9 (footnote omitted). Thus, the time period from August 15, 2008, when the State dismissed the initial felony DUI charge against Crockett, to January 23, 2009, when the State refiled the felony DUI charge, is not counted in assessment of Crockett's claim of a speedy trial violation.

Crockett contends, however, that this time period should count in his case because, in his view, the State dismissed the charge in bad faith. His contention that the prosecution's motive for the delay is relevant to his speedy trial claim is predicated on the following statement in *MacDonald*:

> [T]he Speedy Trial Clause has no application after the Government, *acting in good faith*, formally drops charges. Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause.

3

*MacDonald*, 456 U.S. at 7 (emphasis added).

A subsequent Supreme Court decision, however, calls into question whether the prosecutor's good faith has bearing upon the speedy trial inquiry. In *United States v. Loud Hawk*, 474 U.S. 302, 310 n.12 (1986), the Supreme Court stated, "In *MacDonald*, we held that where the Government has dismissed an indictment and the defendant is not subject to actual restraints on his liberty, the Speedy Trial Clause does not apply." The *Loud Hawk* Court rejected the defendant's claim that the time between dismissal and refiling of charges should count toward a speedy trial claim because the Government's desire to prosecute him was a matter of public record and the Government was still "actively pursuing its case." The Court instead held that "under the rule of *MacDonald*, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause." *Loud Hawk*, 474 U.S. at 312. Notably absent from the discussion in *Loud Hawk* is any indication that bad faith on the part of the prosecution is relevant to determining whether to count the time between the dismissal of a charge and the refiling of that charge for speedy trial analysis, as distinguished from due process analysis.

We need not decide the issue, however, because Crockett has shown no bad faith on the part of the prosecution. Like the district court, we hold that waiting for the outcome of a pending misdemeanor DUI prosecution in order to file another DUI offense as a felony is not an act of bad faith. There is nothing impermissible about the State waiting until it could charge a higher offense, and the State did not thereby gain any unfair advantage as a result of the delayed prosecution. Crockett's position is no different than it would have been if the State had initially waited to file the current charge until after the previous DUI was resolved. Accordingly, the speedy trial "clock" for this case started again on January 23, 2009.

For purposes of the *Barker* analysis, the "delay" here was minimal. Crockett filed his motion to dismiss on July 17, 2009, and his trial was scheduled for August 9, 2009. The district court denied the motion on August 19, 2009. Thus, the elapsed time was a little over seven months from the date when Crockett was charged. It is highly questionable that this period of delay was "presumptively prejudicial" so as to make the threshold showing that is requisite for speedy trial analysis. However, because we decide that Crockett's claim fails on the merits, we need not resolve the issue on that basis. It is sufficient to say that the length of delay does not weigh in favor of finding a speedy trial violation. Regarding the reason for the delay, from

4

January 23, 2009, forward the case proceeded in the ordinary course. Both sides filed and responded to discovery, and a preliminary hearing was held on April 1, 2009. The next day an information was filed, and on April 29, 2009, the district court scheduled a trial date. There is no cause of delay that is heavily chargeable to the State. Therefore, the reason for the delay does not support a finding of a speedy trial violation. Crockett did not demand a speedy trial until late in the proceedings, May 13, 2009; thus, the third *Barker* factor also does not support Crockett's claim that his right to a speedy trial was violated.

The fourth factor is prejudice to the accused caused by the delay. The nature and extent of prejudice arising out of a delay in bringing a criminal action to trial is the most important of the *Barker* factors. *Davis*, 141 Idaho at 840, 118 P.3d at 172. Prejudice is to be assessed in light of the interests of defendants that the speedy trial right is designed to protect. *Young*, 136 Idaho at 118, 29 P.3d at 954. Those interests are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532; *Young*, 136 Idaho at 118, 29 P.3d at 954. Infringement on the third interest is the most serious form of prejudice because the inability of the defendant to adequately prepare his or her case skews the fairness of the entire system. *Barker*, 407 U.S. at 532; *State v. Moore*, 148 Idaho 887, 903, 231 P.3d 532, 548 (Ct. App. 2010); *State v. Avila*, 143 Idaho 849, 854, 153 P.3d 1195, 1200 (Ct. App. 2006); *State v. Hernandez*, 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct. App. 1999).

Crockett identifies no actual prejudice to his ability to defend the charge, but makes a general assertion that such prejudice is hard to prove. He cannot and does not contend that he was prejudiced by oppressive pretrial incarceration, having been released the day after arrest by stipulation with the State. The only prejudice he asserts is that "he undoubtedly experienced significant anxiety awaiting resolution of the felony DUI." Such anxiety by itself is generally insufficient to support a claim of a speedy trial violation. *Young*, 136 Idaho at 118, 29 P.3d at 954; *State v. Cotant*, 123 Idaho 787, 790, 852 P.2d 1384, 1387 (1993), *overruled on other grounds by State v. Clark*, 135 Idaho 255, 258-60, 16 P.3d 931, 934-36 (2000).

Having considered the four *Barker* factors, we conclude that Crockett's speedy trial right under the federal and state constitutions were not infringed. Therefore, the district court did not err by denying Crockett's motion to dismiss for violation of his right to a speedy trial.

5

**B.      Due Process**

Crockett also contends that the State's refiling of the same felony charge that had been dismissed five months earlier violated his right to due process.  We find no merit in this assertion.

Statutes of limitation, which provide predictable, legislatively-prescribed limits on prosecutorial delay, provide the primary guarantee against overly stale criminal charges.  *United States v. Lovasco*, 431 U.S. 783, 789 (1977). Nonetheless, statutes of limitation do not fully define a defendant's rights arising from events occurring before criminal charges are filed--the Due Process Clause also "has a limited role to play in protecting against oppressive delay.  *Id.*  A deprivation of due process may occur if a delay in prosecution caused substantial prejudice to the defendant's right to a fair trial and the delay was an intentional device to gain a tactical advantage over the accused.   *Id.* at 795; *Marion*, 404 U.S. at 324.  The inquiry is whether the delay in prosecution violated those "fundamental conceptions of justice which lie at the base of our civil and political institutions" and which define "the community's sense of fair play and decency." *Lovasco*, 431 U.S. at 790 (citations omitted).

Similarly, the Idaho Supreme Court has held that the dismissal and refiling of criminal complaints by the prosecutor, when done for the purpose of harassment, delay, or forum-shopping, can violate a defendant's right to due process.  *State v. Bacon*, 117 Idaho 679, 683, 791 P.2d 429, 433 (1990); *Stockwell v. State*, 98 Idaho 797, 806, 573 P.2d 116, 125 (1977). Thus, refiling may not be done "without good cause or in bad faith."  *State v. Ruiz*, 106 Idaho 336, 337-38, 678 P.2d 1109, 1110-11 (1984); *Bacon*, 117 Idaho at 683, 791 P.2d at 433.  The prejudice component of the due process inquiry requires that a defendant show actual prejudice affecting his or her ability to mount or present a defense.  *Davis*, 141 Idaho at 843, 118 P.3d at 175; *State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006).  The proof of prejudice must be definite and not speculative. *Averett*, 142 Idaho at 885, 136 P.3d at 356.

Here, the district court concluded that Crockett's only asserted prejudice was that he preferred an immediate misdemeanor prosecution rather than a somewhat delayed felony prosecution, and this was not "prejudice" of the sort that would demonstrate a due process violation.  We agree.  Crockett showed no way in which the delay in prosecution impeded his ability to defend against the present charge.  In addition, the district court held that Crockett had not shown that the delay in refiling the charge was a deliberate device to gain a tactical

6

advantage over the accused.  Again, we agree.  The prosecutor's choice to postpone this charge until after disposition of a pending DUI case so that the present charge would qualify for a statutory enhancement to a felony does not deviate from "fundamental conceptions of justice" which define "the community's sense of fair play and decency."  To the contrary, it effectuates the legislative policy that successive DUI offenses, if committed with sufficient frequency, should be subject to escalating penalties.  There has been no showing of any improper motive of the prosecutor, any tactical advantage to the prosecution produced by the delay, or any prejudice to Crockett.  Therefore, the district court did not err by denying Crockett's motion to dismiss on due process grounds.

The district court's order denying Crockett's motion to dismiss is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**