153 P.3d 1195

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Hector AVILA, Defendant–Appellant.**

**No. 31355.**

Court of Appeals of Idaho.

June 9, 2006.

Review Denied March 13, 2007.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent. Ralph R. Blount argued.

LANSING, Judge.

Hector Avila appeals his conviction for attempted first degree murder and unlawful possession of a firearm, as well as adjudication as a persistent violator, arguing that the State violated his right to a speedy trial as protected by the federal and Idaho constitutions.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

While riding in a vehicle driven by his brother one evening in October 2003, Avila shot their backseat passenger during an argument. On October 29, 2003, Avila was charged by criminal complaint for attempted first degree murder, Idaho Code §§ 18–4001, –4002, –4003(a). He was arrested on November 6, 2003, and on November 14, 2003, the State filed an information reiterating this charge. At arraignment on November 21, 2003, Avila pleaded not guilty and asserted his right to a speedy trial. On December 8, 2003, the State filed a motion to add a persistent violator enhancement, I.C. § 19–2514, and a separate charge of unlawful possession of a firearm, I.C. § 18–3316. The court granted the former amendment but denied the latter.

A jury trial was set for February 17, 2004, but on January 27, 2004, the parties filed a stipulation to continue the trial because the victim was experiencing medical complications that would prevent him from participating at trial, the parties desired further time to review the case, and the parties wanted to explore the possibility of reaching a plea agreement. The stipulation contained a request that the matter be set for trial within the statutory speedy trial period, i.e., prior to May 19, 2004. See I.C. § 19–3501(2). The trial date was reset for April 26, 2004.

Four days before trial, the State informed the district court that it was considering dismissing the case and re-filing with an additional charge. On April 23, 2004, the State did so and immediately filed a new criminal complaint regarding the incident, this time charging Avila with attempted first degree murder and unlawful possession of a

firearm, with persistent violator enhancements on both counts. I.C. §§ 18–4001, –4002, –4003(a), –3316, 19–2514.[1] On April 29, 2004, the State filed a superseding grand jury indictment on these charges. The next day Avila, who was still in custody, was served with a new warrant of arrest.[2] At arraignment, he again asserted his right to a speedy trial. The jury trial was set for July 27, 2004.

In May, via pro se motion, and again through counsel in June, Avila filed a motion to dismiss, arguing that his constitutional right to a speedy trial had been violated. The district court concluded that the nine-month interval since his initial arrest was substantial enough to be presumptively prejudicial, thus triggering a balancing analysis. After weighing the length and reasons for the delay, Avila's assertions of his right to speedy trial, and the level of prejudice he may have suffered, the district court determined that the delay was not so unreasonable as to require dismissal of the charges.

In early July 2004, two hearings were held on a motion filed by Avila to sever the attempted murder and unlawful possession of a firearm charges. The State agreed to stipulate to the motion. Then Avila's counsel informed the court that, against his advice, Avila wanted to withdraw the motion to sever because he did not want to delay the trial any longer. The entire case proceeded to trial on July 27, 2004, two hundred sixty-four (264) days after Avila was arrested. A jury found him guilty on all counts, and the court imposed concurrent indeterminate life sentences with fifteen years determinate for attempted murder and with five years determinate for unlawful possession of a firearm. Avila now appeals, arguing that the district court erred in denying his motion to dismiss

for violation of his constitutional right to a speedy trial.

## II.

## DISCUSSION

Avila argues that because the trial took place nearly nine months after his initial arrest, his right to a speedy trial was violated and the district court should have granted his motion to dismiss. Whether there was an infringement of a defendant's right to a speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if they are supported by substantial and competent evidence, but we will exercise free review of the trial court's conclusions of law. *State v. Davis*, 141 Idaho 828, 835, 118 P.3d 160, 167 (Ct.App.2005).

A defendant in a criminal action is guaranteed the right to a speedy trial under the Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, and under Article 1, Section 13 of the Idaho Constitution.[3] *State v. Young*, 136 Idaho 113, 117, 29 P.3d 949, 953 (2001). This protection is designed to minimize the possibility of lengthy incarceration prior to trial; to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail; and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges. *United States v. Loud Hawk*, 474 U.S. 302, 311, 106 S.Ct. 648, 654, 88 L.Ed.2d 640, 651 (1986); *United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 703

1. The complaint also sought a sentence enhancement for possession of a firearm and/or use of a deadly weapon during the commission of a crime, I.C. § 19–2520, but this allegation was not included in the superseding indictment.

2. He had previously been re-arrested on April 23, 2004, the same day that the State dismissed the original charges and then re-filed. Avila remained in jail throughout these procedural machinations.

3. These constitutional provisions have been supplemented by I.C. § 19–3501, which provides

that "[t]he court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed ... (2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court." However, in the proceedings below Avila waived any claim that this statute was violated, and does not attempt to pursue it on appeal, so we analyze this case only under constitutional standards.

(1982); *Davis,* 141 Idaho at 836–37, 118 P.3d at 168–69.

■ To determine whether a defendant's constitutional right to a speedy trial was violated, under both the United States and Idaho Constitutions we employ the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See Young,* 136 Idaho at 117, 29 P.3d at 953. In *Barker,* the United States Supreme Court identified four factors that are weighed to determine whether there has been a constitutional violation. Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) the prejudice occasioned by the delay. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191, 33 L.Ed.2d at 116.

## A. Length of Delay Triggering the *Barker* test

■ The parties agree that the period of the delay is measured from the initial arrest on November 6, 2003, to the date of trial on July 27, 2004, a period of eight months and twenty-one days.[4] The length of delay serves a dual role in the analysis of the right to a speedy trial. First, it is a triggering mechanism, for until there is some delay that is presumptively prejudicial, it is unnecessary to inquire into the other three factors. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191, 33 L.Ed.2d at 116; *Young,* 136 Idaho at 117, 29 P.3d at 953. Second, it is one of the factors to be considered once the balancing process is triggered. *Id.* The State argues that a delay of approximately nine months is not sufficient to trigger the *Barker* balancing test. That is an issue we need not decide because, even assuming a sufficient triggering delay, Avila has not shown that his right

4. Under the Sixth Amendment, the period of delay is measured from the date there is "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 478 (1971). Under the Idaho Constitution, the period of delay is measured from the date formal charges are filed or the defendant is arrested, whichever occurs first. *Young,* 136 Idaho at 117, 29 P.3d at 953; *State v. Stuart,*

to a speedy trial was violated under the *Barker* balancing test.

## B. Length of Delay and Avila's Assertion of his Rights under the *Barker* Test

■ We can quickly dispense with the discussion on the first and third factors of the *Barker* analysis: the length of the delay and the defendant's assertion of his right to a speedy trial. Considered as a factor in and of itself, the nine-month delay between arrest and trial is not so excessive as to weigh significantly in Avila's favor. However, Avila's consistent assertion of his right to speedy trial supports his claim. *Barker,* 407 U.S. at 531–32, 92 S.Ct. at 2192–93, 33 L.Ed.2d at 117. He repeatedly asserted his right to speedy trial at many stages of the proceedings, including arraignment, in the stipulation to continue the jury trial, and via two motions to dismiss. The record establishes that he did not acquiesce in the delay.

## C. Reason for the Delay

■ The next *Barker* factor we consider is the reason for the delay. Different weights attach to different reasons. *Loud Hawk,* 474 U.S. at 315, 106 S.Ct. at 656, 88 L.Ed.2d at 654. Our speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable for reasons such as the parties' need for time to collect witnesses or oppose pretrial motions. *Doggett v. United States,* 505 U.S. 647, 656, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520, 531 (1992). A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the State. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. A more neutral reason, such as negligence or overcrowded courts, is weighed less heavily but nevertheless slants against the State since the ultimate responsibility for

110 Idaho 163, 173, 715 P.2d 833, 844 (1985), *overruled and abrogated on other grounds by State v. Tribe,* 123 Idaho 721, 724, 852 P.2d 87, 90 (1993). The beginning date could therefore have been set a week earlier on October 29, 2003, when Avila was charged by criminal complaint for attempted first degree murder. But because Avila argues that the speedy trial "clock" started on November 6, 2003, this is the date we will use in our analysis.

such circumstances must rest with the State rather than with the defendant. *Id.; State v. Wavrick*, 123 Idaho 83, 89, 844 P.2d 712, 718 (Ct.App.1992). Defense-caused delays are not weighed against the State. *State v. Holtslander*, 102 Idaho 306, 629 P.2d 702 (1981); *Wavrick*, 123 Idaho 83, 844 P.2d 712.

 In this case, the period between Avila's arrest on November 6, 2003, and January 27, 2004, is a normal pretrial period in which both parties prepared for the case. On January 27, Avila joined the State in a stipulation to continue his jury trial from February 17 to April 26, 2004, and thus this ten-week delay is at least in part attributable to Avila. Thus, the aggregate five-month lapse from arrest through April 26 is neutral and not of any particular concern.

 More irregular is the delay that occurred beginning April 23, 2004, three days before the trial was slated to begin, when the State withdrew the charges and then immediately re-filed. When the State re-filed, it added the felony offense of unlawful possession of a firearm. There is no question that the resulting delay was directly attributable to the State. The district court determined that the State undertook these actions because it was disorganized and was attempting to correct oversights that had occurred because of lax preparation in the preceding months. The district court weighed this against the State, but as negligence rather than more weighty deliberate misconduct.

The State's conduct in this case was neither admirable nor a discharge of its duty to pursue justice without undue delay. The State could have brought the charge of unlawful possession of a firearm at least as early as December 8, 2003, when it first attempted to add this charge but was prevented from doing so simply because it had not used the correct procedure. Instead, the State delayed until three days before trial and then, rather than requesting a continuance or bringing the additional charge separately, the State used a procedure that reset the entire trial calendar. We do not condone the State's actions, and we do not suggest that district courts should routinely permit the kind of procedural gamesmanship that occurred in this case. Nevertheless, there is no evidence that the State pursued this course to deliberately hamper the defense, so the district court correctly weighed this factor as negligence rather than as ill-motivated misconduct.

## D. Prejudice Caused by the Delay

 The final and most compelling factor to be considered in the *Barker* balancing test is prejudice to the defendant caused by the delay. *State v. McNew*, 131 Idaho 268, 273, 954 P.2d 686, 691 (Ct.App.1998). Prejudice is assessed in light of the interests of defendants, which the right to a speedy trial is designed to protect. *Young*, 136 Idaho at 118, 29 P.3d at 954. Those interests are: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.E.2d at 117; *Young*, 136 Idaho at 118, 29 P.3d at 954. Infringement on the third interest is the most serious form of prejudice because the inability of the defendant to adequately prepare his or her case skews the fairness of the entire adjudicatory process. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 117; *State v. Hernandez*, 133 Idaho 576, 583, 990 P.2d 742, 749 (Ct.App.1999). If a defendant does not even attempt to make a showing of a reasonable possibility of prejudice, this factor should be given a very light weight, if any, for the defendant. *Holtslander*, 102 Idaho at 313, 629 P.2d at 709.

 In this case, Avila was continuously incarcerated in a county jail for nearly nine months while awaiting trial, during which time he was not employed and was separated from his family. He likely felt the anxiety and concern that any incarcerated individual would suffer. Avila also contends that his defense was actually impaired by the delay. He argues that the State had been unprepared at the earlier trial date, and after the delay, was better able to prove each element of the crime beyond a reasonable doubt. This argument, however, bears no support in the record. There is no evidence that the State was actually unprepared to meet its

burden of proof on the initial charge if the trial had gone forward on April 26.

Avila also asserts that he was prejudiced by the delay because it allowed the State to file a new weapons charge that Avila would not otherwise have had to defend against. This is not the kind of harm the United States Supreme Court has classified as prejudicial. In *Barker*, the Court posited that prejudicial delays occur when witnesses die or disappear during a delay, when defense witnesses become unable to recall accurately events of the distant past, and the like. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 117. In these situations, the prejudice is a result of the delay, and the harm to the defendant would likely not have occurred if the trial had proceeded in a timely manner. That is not the situation here. The mere addition of the weapons charge was not prejudicial for purposes of applying the Sixth Amendment, for the charge is not the result of the delay. Had his trial gone forward on April 26, Avila still could have been charged with unlawful possession of a firearm in a separate case. *See United States v. Turner*, 926 F.2d 883, 889 (9th Cir.1991) (no Sixth Amendment prejudice from delay caused by filing of superseding indictment containing additional charges, even when additional charges caused the imposition of a longer sentence). While the delay gave the State the opportunity to prosecute the firearm charge contemporaneously with the other charge, it cannot be said that Avila would have avoided that charge if the attempted murder trial had proceeded in a timely manner.

Furthermore, Avila has shown no prejudice from being required to defend against all the charges at the same trial. By bringing the unlawful possession of a firearm charge, the State was able to present evidence during its case-in-chief that Avila was a felon, having been previously convicted of robbery. This might have been viewed as prejudicial, for purposes of the *Barker* analysis, if Avila had not waived his opportunity to mitigate the prejudice. Prior to trial Avila moved to sever the charges, a motion the State indicated it would stipulate to. Then,

against the advice of defense counsel, Avila chose to withdraw the motion and go forward with a single trial on both counts. Accordingly, any prejudice was the result of Avila abandoning his motion to sever, and was not caused by the delay or the State's tactics. Under these circumstances, we cannot say that Avila's defense was impaired as a result of the delay.

The four *Barker* factors, together with any other relevant circumstances, must be balanced and weighed to determine whether an individual's right to a speedy trial was violated. *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. None of the factors standing alone are either necessary or sufficient to establish a constitutional violation. *Id.* We have given little weight to the length of the delay, the cause of the delay, or prejudice caused by the delay. Although Avila consistently asserted his right to a speedy trial, which weighs in his favor, we conclude that the district court was correct in holding that, under the constitutional balancing test, the nine-month delay between arrest and trial did not violate Avila's constitutional right to a speedy trial. The judgment of conviction is therefore affirmed.

Chief Judge PERRY concurs.

Judge Pro Tem SCHWARTZMAN, Specially Concurring.

I am, indeed, relieved that the majority opinion does not "condone" the Canyon County Prosecuting Attorney's Office conduct in this case and strongly suggests that trial courts not permit this kind of "procedural gamesmanship" in the future. Were it not for the fact that Avila withdrew his motion to sever charges, which the State appeared to be ready to acquiesce to, I would be constrained to conclude that the State deliberately sought to gain a tactical advantage at trial over the accused, namely the introduction into evidence in its case-in-chief for attempted first degree murder that defendant was in unlawful possession of a firearm because he had previously been convicted of a felony.[1]

1. When combined with another charge, the prejudice resulting from informing the jury that de-

In this case, the State was permitted to do by *indirection* that which it could not have done directly, namely obtain a continuance for "good cause" and thus not run afoul of Idaho Code Section 19–3501(2). The prosecution simply had no good cause to request a continuance four days prior to trial where the defendant had already been incarcerated for almost six months. Moreover, the State clearly knew of the added firearm charge no later than December 8 of 2003,[2] and could easily have filed it as an independent criminal offense to be tried separately or consolidated herein.

By utilizing the procedural *sleight of hand* of dismissal and refiling, *see* Idaho Code Sections 19–3504 and 3506, the State came perilously close to gaining a deliberate tactical advantage over the accused and violating his right to due process. *See and compare State v. Davis*, 141 Idaho 828, 118 P.3d 160 (Ct.App.2005). I am troubled by categorizing the reason for delay here as mere "negligence"; if that be so, then it should, at the very least, be deemed negligence *with intent.*

fendant is a convicted felon, of robbery no less, is abundantly manifest. In lieu of a severance, perhaps some type of bifurcated hearing, such as is done with a persistent violator enhancement, would be in order to protect a defendant's due process right to a fair trial.

**2.** The record also reveals that the underlying robbery conviction occurred in Canyon County in 1996.