## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43901

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 52 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 10, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JACOB JUAN HERNANDEZ, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant. Elizabeth Ann Allred argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

GRATTON, Chief Judge

Jacob Juan Hernandez, Jr., appeals from a judgment entered upon the jury's verdicts finding him guilty of voluntary manslaughter, Idaho Code § 18-4006(1) (with a gang enhancement, I.C. § 18-8503(b)), two counts of aggravated battery, I.C. § 18-907 (with a gang enhancement, I.C. § 18-8503(b)), and two counts of second degree kidnapping, I.C. § 18-4501. He challenges the district's court's denial of his motion for a mistrial, the sufficiency of the evidence supporting his kidnapping convictions, the denial of his motion to dismiss based on a claimed speedy trial violation, the admission of certain evidence at trial, and the denial of his motion for payment of co-counsel. Hernandez also contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. We affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

An altercation between two rival gangs broke out in front of an apartment building on Christmas Eve 2014. Three of the individuals involved in the fight suffered stab wounds, one of the men died as a result of his injuries. Thereafter, Hernandez and a fellow gang member, both involved in the altercation, got into a minivan occupied by two women and four children who were unknown to the men. The men directed the women to drive to another location and the driver complied. The women reported the incident to police later that evening after learning that Hernandez was a person of interest in the stabbing incident.

Hernandez was arrested on January 9, 2015. On February 9, 2015, he was charged by information with two counts of aggravated battery, both with a deadly weapon and gang enhancements, in addition to two counts of second degree kidnapping. On April 9, 2015, a grand jury returned a superseding indictment charging Hernandez with the original four counts in addition to a second degree murder charge (as either a principal or an aider and abettor) with a deadly weapon and gang enhancements. Hernandez pled not guilty to the charges and enhancements, and his trial was set for June 9, 2015. Prior to trial, the State filed a motion for a continuance, which was granted, and the trial was rescheduled for September 28, 2015. On August 11, 2015, Hernandez filed a motion to dismiss the aggravated battery and kidnapping charges on the basis of an alleged speedy trial violation. The district court indicated that it believed the speedy trial time ran from the superseding indictment and held that the State's need to conduct further investigation and obtain DNA evidence constituted good cause for the continuance and denied the motion to dismiss.

Hernandez filed a motion prior to trial seeking an order authorizing a second attorney to represent him and for the district court fund to provide payment for the second attorney. The district court held that the attorney Hernandez requested had a conflict of interest since he had represented a co-defendant of Hernandez, and further that the matter was within the discretion of the public defender not the court.

The jury found Hernandez guilty of all charges. The court imposed an aggregate unified term of twenty-five years, with thirteen years determinate. Hernandez timely appeals.

ANALYSIS

## A. Motion for Mistrial

Hernandez moved for a mistrial following testimony concerning gang retaliation for individuals who cooperate with the police. In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

The State called a police informant who testified about his specific concerns regarding gang retaliation for cooperating with the police. The State also presented testimony of an officer regarding gang retaliation generally. Defense counsel asked the officer, "so the consequences to snitching aren't nearly as bad as, perhaps, we perceive them to be?" The officer responded that intimidation was a big factor but that young kids often believe the threat of death to be real. Defense counsel then stated: "So a lot of intimidation, but it's a question as to whether there's going to be some follow-through?" The officer answered, "it could go either way." In an effort to refute the inference that the police informants' concern regarding the threat of retaliation was not a valid concern, on redirect the State asked the officer if he was "familiar with a shooting that happened Sunday night at [the first informant's] grandmother's house." The officer stated he was aware of the shooting, and Hernandez objected. The court instructed the jury to ignore the testimony regarding the shooting at the police informant's grandmother's home. Hernandez subsequently moved for a mistrial based on the question asked of the officer, which was denied.

Thereafter, the court included in its jury instructions that the jury was not to consider "testimony that has been excluded or stricken, or which you have been instructed to disregard or ignore" as evidence.

Hernandez asserts the State's question was "incredibly prejudicial and likely had a continuing impact on the trial." He also points to evidence that a second police informant was handed a note reportedly written by Hernandez stating the first informant was "a rat and that he needs to be taken care of." Hernandez contends the testimony was harmful in that it inferred Hernandez was somehow involved in the shooting. Further, he asserts the evidence is prejudicial since it involves the shooting at a "defenseless grandmother's home." Thus, not only does it imply he was involved in the shooting, it also implies he would try to harm a helpless individual.

The district court instructed the jury to ignore the officer's testimony relating to the shooting, and further instructed the jury it was not to consider any testimony it had been instructed to ignore as evidence. However, Hernandez asserts this is an insufficient remedy. The admission of improper evidence does not automatically require the declaration of a mistrial. *State v. Ruiz*, 159 Idaho 722, 724-25, 366 P.3d 644, 646-47 (Ct. App. 2015). This Court normally presumes that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant. *Id*.

In this case, the challenged testimony was offered to boost the credibility of the police informants after defense counsel inferred that the threat of gang retaliation was not a valid concern. While the district court chose to exclude the testimony, the facts in this case do not support a determination that the risk of prejudice was so great as to constitute reversible error. The challenged testimony was extremely brief--it was a one-word answer during a seven-day trial that included testimony of dozens of witnesses. Additionally, neither the question asked by the State nor the answer provided by the officer directly stated that Hernandez was connected with the shooting. Details were not provided regarding the shooting, including who was involved, how it happened, or whether anyone was injured. Therefore, there is not a strong likelihood that the effect of the evidence was devastating to the defendant since it cannot be said the shooting was intended for the grandmother, much less that Hernandez was responsible for it. Even though the district court decided to instruct the jury to ignore the stricken testimony, the

4

challenged testimony was not so prejudicial that a mistrial was required. The district court's instructions to the jury were a sufficient remedy, and the court did not err in denying his motion for a mistrial.

**B.      Sufficiency of Evidence**

Hernandez contends the State failed to present sufficient evidence to support his convictions for second degree kidnapping, and therefore, the district court erred when it denied his motion for judgment of acquittal. Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction for the offense. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The charges for second degree kidnapping read as follows:

> That the defendant, Jacob Juan Hernandez Jr., on or about the 24th day of December, 2014, in the County of Canyon, State of Idaho, did willfully seize and/or detain [named victim] to be held to service and/or to be kept/detained against her will within Idaho.

Hernandez contends the State failed to prove he seized or detained either alleged victim. Evidence of the kidnappings consisted of testimony of the two women in the vehicle. The first named victim, and her sister-in-law, the second named victim, were driving to the sister-in-law's home to pick up Christmas presents with their three young children and a baby. While they were loading presents, they heard commotion coming from the apartment complex across the street and someone yell, "take her to the hospital." They heard what they initially thought were gunshots, but later realized it was glass breaking, and saw two vehicles driving away. They

5

finished loading the presents and started to drive away slowly due to weather conditions when Hernandez and a fellow gang member approached on either side of the minivan and opened the doors. Hernandez asked if they could get a ride and both men entered the vehicle before they were given an answer. He then directed the driver where to go and she complied. After several minutes, she told the men they needed to get out of the van which they did and thanked her for the ride.

Hernandez asserts there was no evidence to show that he intended to hold to service or to keep or to detain the women. He notes that one of the victims testified that when she first heard noises from across the street while loading presents she "didn't really think anything of it, because there's always things going on around that area, or in our neighborhood." Hernandez states that he believed they were willing to give him a ride because even though he and his companion entered the minivan without waiting for an answer, they had not said "no" and instead began to drive as he requested. He contends their actions after the men entered the vehicle amounted to implied consent. He emphasized that he never threatened them, asserted his dominance in the situation, or brandished a weapon. Instead he asserts, "he complied with all of their requests and politely thanked them for the ride." Further, he noted that neither woman immediately reported the incident and only did so after learning he was a person of interest "to make sure they were cleared of any involvement in the stabbing that had occurred."

While Hernandez points out that one of the victims initially was not alarmed by the noises across the street, he fails to note that the other victim testified that while the car was being loaded with gifts, "I thought I heard gunshots. And I was scared, and I told my sister-in-law we needed to get out of here, because I didn't know what was going on, and we had the kids." She also testified that when she heard the noises across the street that there was no doubt in her mind that something bad was going on. When asked about whether she felt she had a choice in giving Hernandez and his companion a ride, she stated: "At that point I didn't have a choice, and I wasn't going to tell them get out of my car, because I didn't know what reaction would have happened. I just wanted to take them and drop them off and keep my kids safe and get home." This was echoed by the second victim who testified, "me and my sister-in-law looked at each other like we had no choice . . . we didn't know, you know, what they would do, because we had the kids in the car." While admittedly neither of the men showed any kind of weapon, there was testimony that they had backpacks and the women did not know what was in them, and one of

6

the women testified she was concerned they contained weapons. One victim also testified that she would not normally give a stranger a ride, especially with children in the car. The other victim testified that she feared retaliation for testifying and even stated that the incident is one of the reasons she moved from her residence.

Given the testimony of the two women, there is clearly sufficient evidence from which the jury could have concluded that Hernandez seized and/or detained both victims with the intent to cause them to be held to service or kept and/or detained against their will. Hernandez and the fellow gang member entered the minivan without permission and directed the women to take them elsewhere. The State did not fail to present sufficient evidence for Hernandez to be found guilty of two counts of second degree kidnapping, and the district court did not err in denying his motion for judgment of acquittal.

## C.     Motion to Dismiss

Hernandez asserts his right to a speedy trial was violated when the district court denied his motion to dismiss the aggravated battery and kidnapping charges, asserting these charges should have been vacated and dismissed with prejudice. Whether there was an infringement of a defendant's right to a speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

Idaho Code § 19-3501 sets specific time limits within which a criminal defendant must be brought to trial and provides, in pertinent part:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
> . . . .
> (2)     If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.
> (3)     If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant was arraigned before the court in which the indictment is found.

Hernandez was initially charged with two counts of aggravated battery, both with a deadly weapon and gang enhancements, in addition to two counts of second degree kidnapping on February 9, the date the information was filed with the court. If the charges against Hernandez had remained under the information then his trial would have been required to be

brought within six months from the date the information was filed pursuant to I.C. § 19-3501(2). However, there was a subsequent indictment in this case. On April 9, a grand jury returned a superseding indictment charging Hernandez with the original four counts in addition to a second degree murder charge with a deadly weapon and gang enhancements. Therefore, we look to I.C. § 19-3501(3), which requires that Hernandez be brought to trial within six months from the date he was arraigned and the indictment found. Because his trial was brought within the six-month time period allowed under this subsection, there was no statutory speedy trial violation.

Additionally, Hernandez argues his federal and state constitutional rights to a speedy trial were violated. To determine whether a constitutional right to a speedy trial was violated under the United States and Idaho Constitutions, we employ a four-prong balancing test as set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). While the State asserts that the delay of nine months in this case is insufficient to trigger the *Barker* test, it also contends that an analysis of the factors of the *Barker* test weigh against a finding of a speedy trial violation in this case. Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) the prejudice occasioned by the delay. *Id.* at 530. The first factor, the period of the delay, is measured from the initial arrest on January 9, 2015, to the date of trial on September 28, 2015, a period of nearly nine months. However, this Court has held that a nine-month delay between arrest and trial is not so excessive as to weigh significantly in a defendant's favor. *State v. Avila*, 143 Idaho 849, 853, 153 P.3d 1195, 1199 (Ct. App. 2006). The parties dispute whether the second factor, the reason for the delay, weighs in favor or against Hernandez. Hernandez concedes that twenty-four of the days were attributable to him since he agreed to postpone the preliminary hearing for that length of time; however, the parties dispute the State's contention that it needed the continuance to conduct DNA processing, as discussed above. The record supports the district court's determination that the State's need for the continuance was justified.[1] The third factor weighs in favor of Hernandez as he timely asserted his right to a speedy trial. The fourth and most compelling factor concerns whether Hernandez was prejudiced by the delay. Prejudice is assessed in light of the interests of defendants, which are preventing oppressive pretrial incarceration; minimizing anxiety and concern of the accused;

---

[1] While the district court rejected the State's additional request for a continuance because of problems getting the lab analysis, that does not affect the initial continuance to the date trial occurred.

and limiting the possibility that the defense will be impaired. *Id.* at 854, 153 P.3d at 1200. Hernandez asserts he was prejudiced since he was never released on bond and he was held in 23-hour confinement which was more restrictive than the average incarcerated person. However, while Hernandez was likely experiencing anxiety and concern during his incarceration while awaiting trial, he has not claimed his defense was impaired by the delay, thus this factor does not weigh in his favor. If a defendant does not attempt to make a showing of a reasonable possibility of prejudice, the fourth factor should be given a very light weight, if any. *Id.*

The four *Barker* factors, together with any other relevant circumstances, are balanced and weighed to determine whether there has been a violation of the right to a speedy trial. *Barker*, 407 U.S. at 533. Here, the length of the delay, the cause of the delay, and claim of prejudice caused by the delay have little weight in this case. While Hernandez timely asserted his right to a speedy trial, which weighs in his favor, we conclude that the nearly nine-month delay between arrest and trial did not violate Hernandez's constitutional right to a speedy trial.

**D.** **Admission of Evidence**

Hernandez asserts the district court abused its discretion when it allowed the admission of video coverage taken from a body camera of an officer who responded to the scene where the stabbing victims were located. The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).

The exclusion of relevant evidence on the ground of prejudice is governed by Idaho Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry

to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The video in question shows an officer giving chest compressions in an attempt to revive the victim in this case. The victim is declared deceased and the video reveals his stab wound. The video shows a discussion between an officer and another stabbing victim as that victim is being initially treated. The officer collects information from citizens that had stopped to help and finally the video shows the officer entering the ambulance with the stabbing victim that was being treated. Hernandez argues the probative value is outweighed by its prejudicial effect because the video is very disturbing. He asserts it does not aid the jury in determining whether Hernandez was guilty of any of the charges. Conversely, the State argues that the portion of the video that Hernandez takes issue with showing (the attempted revival of the victim) is actually dark and that there is nothing to support a finding that it led the jury to convict Hernandez. Additionally, the video reflects testimony the jury had heard regarding the officer giving chest compressions to the victim.

It is clear the district court perceived the issue of whether to admit the video into evidence as one of discretion. After confirming that there was an issue that needed to be discussed outside the presence of the jury, the judge listened to arguments from Hernandez and the State regarding the proposed evidence. Both parties referenced the correct legal standard of whether the probative value is substantially outweighed by the danger of unfair prejudice. Hernandez asserted that "although it might have some probative value, its prejudicial effect substantially outweighs the probative value, and therefore the State has plenty of photos, they've got plenty of exhibits, they've got plenty of witnesses to all explain that [the victim] passed away that night." The State did not dispute that the video was prejudicial, in fact it stated: "Obviously it's prejudicial. I don't dispute that. The question is whether its prejudicial value substantially outweighs its probative effect, and certainly does not. It's highly probative evidence." After listening to the parties' arguments, the court sided with the State's position and admitted a portion of the video into evidence. It questioned how to deal with statements made by other people at the scene and after defense counsel stated he did not have any objection to one of the stabbing victims stating he did not know who stabbed him, the court decided to include that as

10

well and the video was stopped at that point and a redacted version was provided to the jury. The court acted within the boundaries of discretion and consistently with the applicable legal standard and by an exercise of reason. The district court did not abuse its discretion when it allowed the admission of a portion of the video taken by an officer's body camera; therefore, its determination under I.R.E. 403 will not be disturbed on appeal.

## E.     Motion for Payment of Co-Counsel

Hernandez filed an I.C.R. 12.2 motion prior to trial seeking an order authorizing a second attorney to represent him and for payment of that second attorney to be paid by the district court fund. The statute provides in part:

> A defendant may submit a motion requesting public funds to pay for investigative, expert, or other services that he believes are necessary for his defense. The motion seeking public funds must be submitted to the court ex parte, except as provided in subsection (f) of this rule. The motion must be made before the defense incurs the costs and requires prior approval of the court. The court must decide the motion on the basis of the record in the case and the information submitted by the defendant.

I.C.R. 12.2(a). The court may not grant a request for public funds to obtain additional services in the absence of a finding of the defendant being indigent. I.C.R. 12.2(c).

The district court held a hearing on the matter. The State did not object to the extra funding, but did take issue with the attorney Hernandez presented as an option for co-counsel because the attorney had also represented a co-defendant of Hernandez. In denying Hernandez's motion, the district court held that the attorney Hernandez requested had a conflict of interest, and further that the matter was within the discretion of the public defender. Defense counsel asked if the motion would be granted if the defense were to present an alternate attorney. The court stated it still would not grant the motion.

On appeal, Hernandez does not dispute that the attorney identified to assist with the case had a conflict of interest. Instead, he argues the district court abused its discretion by failing to recognize it had the authority to address the merits of his motion under I.C.R. 12.2.

The State concedes that the district court had the authority to grant Hernandez's motion for payment of co-counsel since he was indigent, but asserts any error was harmless since Hernandez's substantial rights were not affected. Hernandez asserts the error was not harmless, contending his case was more complex than most and that a second attorney would have greatly assisted in preparing for and during trial. The statutory right to representation by more than one

attorney at the expense of the public is reserved for capital offenses. The Idaho Criminal Rules provide that two qualified trial attorneys must be appointed to represent an indigent defendant in cases in which the death penalty may be imposed. I.C.R. 44.3. Where, as here, there are non-capital charges, there is no statutory right to more than one attorney being appointed at the public's expense. Further, the Sixth Amendment of the United States Constitution recognizes the right to the assistance of counsel whether retained or appointed, and that the United States Supreme Court has interpreted this to mean the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). However, Hernandez does not assert this right was adversely affected by the trial court's failure to address the merits of his motion for payment of co-counsel. Because Hernandez's substantial rights were not affected, the district court's error in failing to recognize it had the authority to appoint an additional attorney was harmless.

## F.     Cumulative Error

Hernandez also contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Hernandez has failed to demonstrate at least two errors, a necessary predicate to the application of the cumulative error doctrine.

## III.

## CONCLUSION

The district court did not err in denying Hernandez's motion for a mistrial based on challenged testimony regarding gang retaliation. Because the State presented sufficient evidence to support the convictions for second degree kidnapping, the district court did not err when it denied his motion for judgment of acquittal. There was no statutory or constitutional violation of Hernandez's right to a speedy trial. The district court did not abuse its discretion when it allowed the admission of video coverage taken from the body camera of a responding officer. Because Hernandez's substantial rights were not affected by the district court's error in recognizing it had the authority to appoint an additional attorney pursuant to I.C.R. 12.2, the error was harmless. Hernandez failed to demonstrate at least two errors, a necessary predicate to

12

the application of the cumulative error doctrine.  For the foregoing reasons, the judgment of conviction is affirmed.

Judge GUTIERREZ and Judge Pro Tem WALTERS **CONCUR**.