**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44170**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 306** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 9, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHARLINE J. BOBOLACK,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Michael J. Oths, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for disturbing the peace, <u>affirmed</u>.

Barnum Howell & Gunn PLLC; Randall S. Barnum, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Charline J. Bobolack appeals from the district court's order, on intermediate appeal from the magistrate, affirming Bobolack's judgment of conviction for disturbing the peace. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

An officer was dispatched to a bowling alley parking lot in response to a report that Bobolack and another woman were yelling at each other from across the street. The responding officer issued Bobolack a uniform citation charging her with disturbing the peace. I.C. § 18-6409. The State filed a motion in limine seeking to exclude evidence of the specific circumstances surrounding Bobolack's and the victim's past interactions. Specifically, the State

1

sought to exclude the victim's criminal history and allegations that the victim had stalked Bobolack, vandalized her property, and harassed or threatened her. The magistrate heard the State's motion on the day of trial. The magistrate ruled that Bobolack could not reference the victim's criminal history, including prior police reports. However, the magistrate ruled that Bobolack could testify that she and the victim did not get along, that some damage had been done to Bobolack's property previously, and that she suspected it was caused by the victim. The magistrate reserved further ruling, stating that it did not want to try the past events between Bobolack and the victim. Throughout trial, Bobolack was permitted to testify that the victim had threatened to kill Bobolack on several occasions and that she feared the victim would harm Bobolack, her pets, and her property. The jury returned a guilty verdict. Bobolack appealed to the district court, arguing that the magistrate erred in partially granting the State's motion in limine and that there was insufficient evidence to support the jury's verdict. The district court affirmed the magistrate's partial grant of the State's motion in limine and upheld the jury's verdict. Bobolack again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

### A.    Motion in Limine

On appeal, Bobolack argues that the magistrate erred in partially granting the State's motion in limine.  Specifically, Bobolack asserts that she should have been permitted to testify at trial regarding the circumstances surrounding:  (1) the seven times her car had been vandalized by the victim; (2) the numerous times the victim threatened to kill Bobolack; (3) the number of times the victim threatened to harm Bobolack's pets; and (4) the vandalizing of Bobolack's friend's car by the victim and her friends (stalking history).  Bobolack contends that the facts underlying the stalking history were relevant to Bobolack's state of mind, which is an element of disturbing the peace.

As an initial matter, we note that the magistrate effectively denied the State's motion in limine and therefore did not issue an adverse ruling.  It is well settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error.  *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996).  Although the magistrate cautioned Bobolack that it would not try the details of the stalking history, it ruled that Bobolack was allowed to testify generally about the stalking history.  Indeed, Bobolack testified that her vehicles had been vandalized and she suspected it was the victim, that she repeatedly threatened Bobolack, and that she lived in fear of the victim.  The State's only objection to Bobolack's testimony was not in response to stalking history testimony.[1]  While the magistrate excluded evidence regarding the victim's criminal history, Bobolack did not object to this exclusion.  Thus, neither the magistrate's ruling on the motion in limine nor on the State's objection were adverse to Bobolack.  Consequently, Bobolack cannot assign error to the magistrate's ruling on the State's motion in limine.

---

[1]    Bobolack testified that, after she was released from jail for disturbing the peace, the victim and a group of her friends drove by Bobolack's home and yelled that they were happy she had been in jail.  The State objected on relevance grounds and the magistrate sustained, reasoning that events following the conduct underlying the disturbing the peace charge were not relevant to the charge.

Moreover, even if cautioning Bobolack to limit the details of the stalking history was adverse, she did not make an offer of proof. Although Bobolack explained to the magistrate that Bobolack wanted to introduce evidence of specific threats the victim made to Bobolack, she failed to explain what details she intended to offer that were actually excluded. Error may not be based upon a ruling that excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by an offer of proof. I.R.E. 103(a)(2). Absent an offer of proof or anything in the record showing what specifically Bobolack sought to testify to, that the testimony was excluded and how that testimony would be relevant, Bobolack failed to preserve the issue for appeal. *See State v. Young*, 136 Idaho 113, 120, 29 P.3d 949, 956 (2001). Accordingly, we will not address the merits of Bobolack's claim that the magistrate erred in partially granting the State's motion in limine.

**B.      Sufficiency of Evidence**

Bobolack also asserts that there was insufficient evidence to support a finding of guilt. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In this case, the State introduced evidence that Bobolack was standing in a bowling alley parking lot across the street from the victim and was yelling at her. The victim testified that she was nervous and thought Bobolack wanted an altercation. An employee of the bowling alley testified that he heard Bobolack and the woman yelling and that Bobolack was yelling cuss words at the victim. The employee also testified that, when he told Bobolack and the victim to stop, Bobolack told the employee to mind his own business and he called the police. The

4

responding officer testified that Bobolack called the victim names, and Bobolack was constantly raising her voice in the officer's presence.

Bobolack introduced evidence that the victim initiated the altercation and that Bobolack was standing up to the victim after being bullied. Bobolack testified that she went to the bowling alley to meet her friend and stayed in the parking lot when Bobolack saw the victim across the street. Bobolack testified that the victim started the incident and had been stalking Bobolack for over four years. Bobolack's friend testified that she could hear both women screaming and that she heard the victim cuss at Bobolack at least twenty times. Thus, the jury was presented with differing versions of what occurred during the incident leading to the charge against Bobolack. Because the jury found Bobolack guilty of disturbing the peace, it appears the jury viewed the State's witnesses as more credible or did not believe Bobolack's witnesses. Regardless of how the jury weighed the evidence, the guilty verdict was supported by substantial evidence.

## IV.
## CONCLUSION

The magistrate's ruling on the State's motion in limine was not adverse to Bobolack and cannot be the basis for Bobolack's assignment of error. Moreover, Bobolack failed to make an offer of proof and failed to preserve the issue for appeal. Additionally, there was sufficient evidence to support the jury's finding of guilt. Accordingly, the district court's order, on intermediate appeal from the magistrate, affirming Bobolack's judgment of conviction for disturbing the peace is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.